IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP, a Delaware corporation, INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware general partnership; BMG MUSIC, a New York general partnership; ARISTA RECORDS, LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>FRANK HENDERSON,<br><br>Defendant. | CASE NO. 8:04CV588<br><br><br><br><br><br>STIPULATION TO JUDGMENT AND PERMANENT INJUNCTION |

This matter is before the Court on the parties' Stipulation to Judgment and Permanent Injunction (Filing No. 10). Having reviewed the stipulation, the Court finds that the relief requested therein should be granted. The Court finds that the Plaintiffs have alleged that Defendant Frank Henderson distributed (including by uploading) and/or reproduced (including downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. §501. Without admitting or denying liability, Henderson does not contest Plaintiffs' allegation, and he has acknowledged that such conduct is wrongful. Based upon the stipulation,

IT IS ORDERED AND ADJUDGED AS FOLLOWS:

1. The Stipulation to Judgment and Permanent Injunction (Filing No. 10) is approved, and the relief requested therein shall be granted;

2.      Defendant shall pay to Plaintiffs the sum of $5,800.00;

3.      Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $200.00;.

4.      Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary or affiliate record label of Plaintiffs)("Plaintiffs' Recordings"), including without limitation by:

      a.      using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiffs' Recordings, to distribute (i.e. upload) any of Plaintiffs' Recordings or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

      b.      causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e. download) any of Plaintiffs' Recordings, to distribute (i.e. upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs'

      authorization onto any computer hard drive or service owned or controlled by Defendant and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

5. Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties by law, including for contempt of Court.

6. Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment and Permanent Injunction.

8. Defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

DATED this 24th day of May, 2005.

                                  BY THE COURT

                                  s/Laurie Smith Camp
                                  United States District Judge